3049467-AMF                                                                    Atty No. 31301-53

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| AYOUB HASSAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-816 |
| ) | |
| GURSEWAK HANS and ) | |
| SUNRISE FREIGHT SYSTEMS INC. ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF REMOVAL**

NOW COMES the Defendant, SUNRISE FREIGHT SYSTEMS INC., by and through its attorney, Anne M. Fishbeck of SmithAmundsen LLC, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action to the United States District Court for the Southern District of Indiana, Indianapolis Division, and in support thereof, state as follows:

1.  This matter arises from an alleged July 9, 2020, motor vehicle accident in Plainfield, Hendricks County, State of Indiana. (*See* Complaint attached as Exhibit A). Plaintiff, Plaintiff, Ayoub Hassar, alleges that he "has experienced physical and mental pain and suffering, lost wages and property damage and has lost the ability to perform usual activities, resulting in a diminished quality of life." (Ex. A, ¶ 11).

2.  On March 15, 2022, the Plaintiff filed a Complaint in the Superior Court of Hendricks County, Indiana bearing Case No. 32D01-2203-CT-000035. (Ex. A.)

3.     Defendant, Sunrise Freight Systems Inc., seeks to remove this matter based upon subject matter jurisdiction conferred by diversity of citizenship and amount in controversy, as established in 28 U.S.C. § 1332.

4.     Shown below, diversity of citizenship exists, the Defendant asserts a good faith basis that the amount in controversy exceeds $75,000.00, and Removal is timely.

## ARGUMENT

**Diversity of Citizenship Exists**

5.     Plaintiff, Ayoub Hassar, is currently and was at the time of the subject incident domiciled, a citizen and resident of the State of Texas.

6.     At the time of the subject accident, at the time the Complaint was filed in the Superior Court of Hendricks County, and at the present time, Defendant, Sunrise Freight Systems Inc., was and is a citizen of the Ontario, Canada. The United States Supreme Court determined that a corporation is a citizen of both (1) every state where it is incorporated, and (2) the state where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

7.     At the time of the occurrence, at the time the Complaint was filed in the Superior of Hendricks County, and at the present time, Defendant, Sunrise Freight Systems Inc., was and is incorporated in the Ontario, Canada. (*See* Sunrise Freight Systems Inc.'s Business Registry attached as Exhibit B).

8.     The United States Supreme Court stated that a corporation's principal place of business is determined by the "nerve center" test. The Court explained that:

> … the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the …corporation's nerve center. And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the nerve center, and not simply an office where

>   the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp.*, 559 U.S. at 92-93. At the time of the alleged subject occurrence, at the time the Complaint was filed in the Superior Court of Hendricks County, and at the present time, Defendant, Sunrise Freight Systems Inc., maintained its principal place of business in Caledon, Ontario, Canada. (Ex. B).

9. Thus, Sunrise Freight Systems Inc. meets both prongs of citizenship laid out by the United States Supreme Court and is deemed a citizen of Ontario, Canada.

10. Co-Defendant, Gursewak Hans is a citizen of Ontario, Canada.

11. Complete diversity of citizenship exists between Plaintiff, Ayoub Hassar, and Defendants Sunrise Freight Systems Inc. and Gursewak Hans.

**The Amount in Controversy Exceeds $75,000.00**

12. Plaintiff alleges in his complaint that as a result of the incident he "has experienced physical and mental pain and suffering, lost wages and property damage and has lost the ability to perform usual activities, resulting in a diminished quality of life." (Ex. A, ¶ 11).

13. The movant believes in good faith that the amount in controversy is in excess of the jurisdictional limit of $75,000.00, based on Plaintiff's pre-suit demand to Defendant.

**Removal Is Timely Filed**

14. This Notice of Removal was filed within (30) thirty days of "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

15. Plaintiff filed his Complaint on March 15, 2022. (*See* Exhibit A.)

16. Service was achieved on Defendant, Sunrise Freight Systems Inc. on or about March 29, 2022. (Ex. C Proof of Service for Defendant, Sunrise Freight Systems Inc.).

17. At the time of filing this Removal, service has not been perfected on Co-Defendant, Gursewak Hans.

18. As established in this Notice, Defendant has properly filed its Notice of Removal within the applicable thirty-day period. The time period set forth in §1446 is mandatory and should be strictly construed. *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270 (7th Cir. 1982). Defendant has complied with this thirty-day deadline. Therefore, Defendant's Notice of Removal is timely filed.

19. As required by 28 U.S.C. §1446(d), the movant will promptly serve upon Plaintiff's counsel and file with the Superior Court of Hendricks County a true and correct copy of this Notice.

20. As required by 28 U.S.C. §1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendant in this action is attached hereto. (*See* Exs. A, Exhibit D Summons for Defendant, Sunrise Freight Systems Inc.).

21. A copy of the State Court Record is attached as Exhibit E. The State Court Record includes the online docket as of April 26, 2022; Complaint for Damages; Appearance by Counsel; Summons to Gursewak Hans; Summons to Sunrise Freight Systems Inc.; Administrative Events; Certified Mail Receipt for Sunrise Freight Systems Inc.; and USPS Tracking for Complaint and Summons to Gursewak Hans.

22. By removing this action, Defendant does not waive any defenses available to it.

23. If any question arises as to the propriety of the removal of this action, the movant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

24. This Notice is signed and submitted in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, Sunrise Freight Systems Inc., by and through its attorney, Anne M. Fishbeck of SmithAmundsen LLC, pray that this Honorable Court retains jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Movant further prays should this Court require hearing that it be afforded the opportunity to present a brief and oral argument in support of its position. Defendant prays for further and other relief as this Court deems proper and just.

        Respectfully submitted,

         s/ Anne M. Fishbeck
By:    Anne M. Fishbeck – Bar Number 31301-53
        Attorney for Defendant,
        Sunrise Freight Systems Inc.
        SmithAmundsen LLC
        150 North Michigan Avenue, Suite 3300
        Chicago, Illinois 60601
        Tel: (312) 455-3908
        Fax: (312) 894.3210
        E-Mail: afishbeck@salawus.com

Anne M. Fishbeck
Attorneys for Defendant,
Sunrise Freight Systems Inc.
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Tel: (312) 455-3908
Fax: (312) 894.3210
E-Mail: afishbeck@salawus.com

3049467-AMF                                                                    Atty No. 31301-53

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| AYOUB HASSAR, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| ) | |
| GURSEWAK HANS and ) | |
| SUNRISE FREIGHT SYSTEMS INC. ) | |
| ) | |
|     Defendants. ) | |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the **27th day of April, 2022**, she served a copy of **Notice of Removal** on:

Bradford Smith
KEN NUNN LAW OFFICE
104 South Franklin Road
Bloomington, Indiana 47404
brads@kennunn.com

via e-mail and first class mail by depositing same into an envelope properly sealed and with proper postage prepaid, into the U.S. Mail at 150 North Michigan, Chicago, Illinois before 5:00 p.m. on the 27th day of April, 2022.

                                                [x]    Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct.
Executed on: April 27, 2022
s/ Anne M. Fishbeck_____

Anne M. Fishbeck
Attorneys for Defendant,
Sunrise Freight Systems Inc.
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601